# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CLINTON BUNCH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE COUNTY OF LAKE, ILLINOIS, a unit of ) <br> local Government, LAKE COUNTY ) <br> SHERIFF'S DEPARTMENT, and MARK ) <br> CURRAN, JENNIFER WITHERSPOON, ) <br> MEGAN MERCADO, KEVIN LYONS, ) <br> and RODNEY MARION, in their individual ) <br> capacities, ) <br> ) <br> Defendants. ) | No. 15 C 6603 <br><br> Judge Sara L. Ellis |

## OPINION AND ORDER

Plaintiff Clinton Bunch, who is African American and was 51 years old when he lost his job, filed this discrimination and retaliation lawsuit after he was terminated from his position as a correctional officer against Defendants: the County of Lake, Illinois ("Lake County"); the Lake County Sheriff's Department (the "Sheriff's Department"); Mark Curran; Jennifer Witherspoon; Megan Mercado; Kevin Lyons; and Rodney Marion. Specifically, Bunch alleges claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, disability discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*, and Family and Medical Leave Act ("FMLA") interference in violation of 29 U.S.C. § 2615. He also brings state law claims for race, disability, and age discrimination in violation of the Illinois Human Rights Act ("IHRA"), 875 Ill. Comp. Stat. 5/1-101 *et seq.*, and for indemnification against Lake County.

Defendants have moved to dismiss Bunch's complaint. Because Defendants are attempting to impose greater evidentiary burdens on Bunch than required at the pleading stage, their motion is denied with respect to Bunch's race, age, and disability discrimination and retaliation claims. But because Bunch has pleaded that he received twelve weeks of FMLA leave, which is all he is entitled to receive by statute, the Court dismisses his FMLA interference claim without prejudice.

## BACKGROUND[1]

Bunch began working as a correctional officer for Lake County and the Sheriff's Department on August 7, 1990. Curran is the Sheriff of Lake County. Witherspoon is a Chief and Mercado is a Deputy Chief in the Sheriff's Department. Lyons is the Sheriff's Department's Business Manager, and Marion is Lake County's and the Sheriff's Department's Human Resources Director.

As a correctional officer, Bunch received high performance reviews and consistent praise. On January 12, 2013, however, he was named as a witness and provided statements in support of gender discrimination claims brought by a coworker in an Equal Employment Opportunity Commission ("EEOC") investigation. According to Bunch, Defendants responded by preventing him from performing his assigned duties and disciplining him without cause.

---

[1] The facts in the background section are taken from Bunch's complaint and are presumed true for the purpose of resolving Defendants' motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). A court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009). Defendants have attached several documents to their memorandum in support of their motion to dismiss, which they argue the Court may consider without converting the motion to dismiss into one for summary judgment. But, with the exceptions noted below, the Court refuses to consider these documents unless they are referenced in the complaint and central to Bunch's claims. *See id.* Additionally, the Court does not find it appropriate to take judicial notice of any of the documents as they are not matters of public record. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–84 (7th Cir. 1997) (taking judicial notice of public court records but finding it inappropriate to take judicial notice of a private settlement agreement).

In August 2013, Bunch underwent a right-sided L5-S1 foraminotomy. After the surgery, Bunch's doctors ordered him to light duty work and then off work from September 15 to October 14. The order to remain off work was thereafter extended until at least January 16, 2014. In October 2013, Bunch requested FMLA leave, submitting paperwork to Lyons, who processed FMLA leave requests. Bunch's request included a medical report from his doctor, Dr. Nathan Citow. Bunch used his twelve weeks of FMLA leave.

On November 4, 2013, Bunch received a letter from the Sheriff's Department signed by Sandra F. Salgado indicating that the Department denied his request for an additional 93 days of unprotected non-FMLA leave but approved 30 additional days of non-FMLA leave.[2] Salgado informed Bunch that he was expected to return to work on December 13, 2013. Bunch also received a letter from Salgado on December 6, confirming that on November 4, the Sheriff's Department had approved the additional 30 days of non-FMLA leave upon the exhaustion of Bunch's FMLA leave and reiterating that Bunch was to return to work on December 13, 2013.[3] Bunch did not return to work on that day, however.

On January 10, 2014, Bunch attended a pre-discipline hearing held by Mercado. At the hearing, Bunch informed Mercado that his doctor had told him to remain off work until a physical evaluation to be performed later that month. He also raised the fact that he had approximately 787 hours of sick time that could be used during his absence. Bunch noted that he had been making daily contact with the Sheriff's Department concerning his medical status as per protocol. Mercado did not order Bunch back to work or advise him that he was facing

---

[2] Defendants attached the November 4, 2013 letter to their memorandum in support of the motion to dismiss. Doc. 17-1 at 3. Because this letter is referenced in the complaint and central to Bunch's FMLA interference claim, the Court will consider its contents. *See Hecker*, 556 F.3d at 582–83.
[3] Defendants attached the December 6, 2013 letter at Doc. 17-2 at 2. It may be considered here because it is referenced in the complaint and central to Bunch's FMLA interference claim. *See Hecker*, 556 F.3d at 582–83.

termination.  Nonetheless, just three days later, on January 13, Bunch received a letter from Curran, the Sheriff, informing him that his employment had been terminated, effective immediately.  Bunch was 51 years old when he was terminated.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits.  Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor.  *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).  To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.     Section 1981 Claims (Counts VII and VIII)**

In their motion to dismiss, Defendants solely argue that Bunch's § 1981 claims must be dismissed because Defendants are state actors and § 1981 "does not create a private right of action against state actors."  *Campbell v. Forest Pres. Dist. of Cook County, Ill.*, 752 F.3d 665, 671 (7th Cir. 2014).  This does not mean that state actors are immune from suit for violating § 1981, however, only that the remedy for such violations is found under § 1983 and not § 1981.  *Id.*  And although his claims are labeled § 1981 claims, Bunch's complaint indicates that

4

jurisdiction is created by § 1983. *See* Doc. 1 ¶ 1. But even disregarding the citation to this section in the jurisdictional portion of his complaint, Bunch was not required to explicitly cite § 1983 in his complaint to pursue these claims, for he need only give notice to Defendants of what he is alleging, which he has done. *See Barrett v. Ill. Cmty. Coll. Dist. No. 515*, No. 15 CV 2334, 2015 WL 4381218, at *3 (N.D. Ill. July 16, 2015) (plaintiff not required to cite § 1983 in complaint, as all he is required to do is briefly describe his claim); *Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010) (citing the wrong statute in a complaint is not a "fatal mistake" and does not require dismissal). Consequently, the Court will not require Bunch to replead his § 1981 claims to specifically mention that he is seeking to recover for violations of § 1981 under § 1983.

In reply, Defendants further argue that even if Bunch's claims may be brought under § 1983, they are conclusory and do not meet the pleading requirements for § 1983 claims, particularly those brought against a state entity pursuant to *Monell v. New York Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). But because this argument is raised only in reply, the Court will not address it. *See Dexia Credit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived."). Thus, Bunch's § 1981 race discrimination, harassment, and retaliation claims survive, although they will be construed as arising under 42 U.S.C. § 1983.

II.     **Age and Race Discrimination Claims (Counts III and IV)**

Defendants next argue that Bunch's age and race discrimination claims under the ADEA and Title VII fail because he has not properly pleaded these claims under the indirect method of proof. Citing to the familiar *McDonnell Douglas* standard, Defendants argue that Bunch has not alleged that he was performing to his employer's legitimate expectations or that Defendants

5

treated a similarly situated individual outside of Bunch's protected class more favorably. *See* Doc. 17 at 4 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *Dear v. Shinseki*, 578 F.3d 605, 609 (7th Cir. 2009)). But Defendants are asking too much of Bunch at the pleading stage; "[e]mployers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims." *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014). Indeed, Defendants' argument that Bunch's claims fail because he has not sufficiently pleaded that he was meeting his employer's legitimate expectations or treated less favorably than similarly situated employees ignores Supreme Court and Seventh Circuit case law to the contrary. The Supreme Court "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002);[4] *see also Carlson*, 758 F.3d at 827 ("The plaintiff is not required to include allegations—such as the existence of a similarly situated comparator—that would establish a prima facie case of discrimination under the 'indirect' method of proof.").

Instead, all Bunch must allege at this stage is that "the employer instituted a (specified) adverse employment action against [him] on the basis of" his race and his age. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); *see also EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781–82 (7th Cir. 2007) (emphasizing the simplicity required in pleading a race discrimination claim, citing with approval an allegation that "I was turned down for a job

---

[4] Although *Swierkiewicz* was decided before the Supreme Court's decisions in *Twombly* and *Iqbal*, those decisions did not overrule *Swierkicwz*. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013); *see also Twombly*, 550 U.S. at 569–70 (citing *Swierkiewicz* approvingly and noting that, correctly understood, *Swierkiewicz* was a decision regarding the imposition of a heightened pleading standard to Title VII cases).

6

because of my race" (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)). Bunch has alleged that he was terminated because of his race and age, satisfying the pleading standards for his discrimination claims. *See Carlson*, 758 F.3d at 827. Defendants' request that the Court engage in fact-finding and determine that Bunch could not have been meeting his employer's legitimate expectations or cannot identify any similarly situated employees because those he has identified did not face the same circumstances as he is not appropriate at the motion to dismiss stage.[5] The parties can explore these issues in more detail during discovery and present them to the Court at the appropriate time.

### III. ADA Claims (Counts II and V)

Bunch's complaint sets forth two ADA claims, although the distinctions between the two are not clear. To state a claim for termination in violation of the ADA, Bunch must allege (1) he is disabled within the meaning of the ADA, (2) he is a qualified individual under the ADA, and (3) he was terminated as a result of the discrimination. *Basden v. Prof'l Transp., Inc.*, 714 F.3d 1034, 1037 (7th Cir. 2013). To the extent Bunch is pursuing a failure to accommodate claim, Bunch must allege that (1) he is a qualified individual with a disability, (2) his employer was aware of his disability, and (3) his employer failed to reasonably accommodate his disability. *Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013). Defendants argue that Bunch's ADA claims fail because he does not allege that he is a qualified individual, i.e. that he could perform the essential functions of his job with or without an accommodation. Defendants also argue that the claim fails because Bunch alleges in conclusory fashion that he requested a reasonable accommodation without specifying the reasonable accommodation he sought. As with Bunch's race and age discrimination claims, the pleading requirements for his ADA

---

[5] Indeed, all the cases Defendants cite in support of their position were decided at the summary judgment stage.

7

discrimination claims are not as stringent as Defendants maintain. *See Dixon v. CMS*, No. 14 C 4986, 2015 WL 6701771, at *2 (N.D. Ill. Nov. 3, 2015) (for ADA failure to hire claim, "all plaintiff need allege is that he was turned down for a job because of his disability").

Defendants nonetheless argue that the Court can decide as a matter of law that Bunch is not a qualified individual because an individual requiring an indefinite leave of absence cannot perform the essential functions of his job. *See Basden*, 714 F.3d at 1037. Defendants contend that because Bunch did not show up to work and did not have a plan for when he could return, Bunch is not entitled to ADA protection and his request to use additional sick time cannot be considered a reasonable accommodation. Although Bunch's allegations are unclear as to when he would be able to return to work, he does allege that he was being reevaluated at the end of January, suggesting that he only needed a short period to use his sick time before he may have been able to return to work.[6] Drawing all inferences in Bunch's favor, although he may have a tough road in proving his claim, the Court cannot "preclude [him] from attempting to prove that, in fact, [he] could have returned to work within a definite period, such as after an additional one month's leave." *Cross v. Golden Living Ctr.-Silver Spring*, No. 14-C-1563, 2015 WL 3887161, at *2 (E.D. Wis. June 24, 2015); *see also EEOC v. United Parcel Serv., Inc.*, No. 09-cv-5291, 2010 WL 3700704, at *6 & n.3 (N.D. Ill. Sept. 10, 2010) (although plaintiff may have difficulty establishing that she was a qualified individual based on her repeated inability to work, she had sufficiently pleaded a claim by alleging that she was able to return to work but was not allowed to do so by employer's leave policy). And the fact that Bunch was terminated several days after having a pre-discipline hearing where he informed Mercado of his end of January reevaluation

---

[6] As discussed *supra* note 1, the Court refuses to consider the documents Defendants submitted that indicate that Bunch was not able to return to work after this evaluation and instead was approved for temporary disability benefits. These documents go beyond the pleadings, are not central to Bunch's complaint, and would require the Court to convert Defendants' motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d).

8

and sick time request suggests that Defendants failed to engage in the interactive process. Although Bunch faces an uphill battle, because the Court is required to take the facts in the light most favorable to the plaintiff at the motion to dismiss stage, Bunch may proceed to discovery on his ADA claims. *See Waggoner v. Olin Corp.*, 169 F.3d 481, 485 (7th Cir. 1999) (determining whether extension of leave policy is a reasonable accommodation is a factual, not a legal, issue, with the court refusing to "establish[ ] a hard-and-fast rule that no absences from work need be tolerated" but rather indicating a "willingness to look to the reasonableness of an accommodation of a requested medical leave"); *Haschmann v. Time Warner Entm't Co.*, 151 F.3d 591, 601 (7th Cir. 1998) ("The reasonableness of a requested accommodation is a question of fact.").

## IV.    FMLA Claim (Count IX)

The FMLA entitles an employee to twelve weeks of leave per twelve-month period for a serious health condition that renders him unable to perform his job. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009) (citing 29 U.S.C. § 2612(a)(1)(D)). An employer may not interfere with or deny an employee's exercise of his right to this leave. 29 U.S.C. § 2615(a)(1). To state an FMLA interference claim, Bunch must allege that (1) he was eligible for FMLA protection, (2) the Sheriff's Department was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take FMLA leave, and (5) the Sheriff's Department denied him FMLA benefits to which he was entitled. *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 816 (7th Cir. 2015). Curran argues that this claim should be dismissed because Bunch admits in his complaint that he received twelve weeks of FMLA leave. Specifically, Bunch alleges that he "utilized 12 weeks of FMLA leave beginning in October 2013." Doc. 1 ¶ 17. But he then later contradicts this allegation, contending that "[a]t the time of his termination from Defendant Lake County Sheriff, Plaintiff had not yet exhausted his

9

entitlement to a total of 12 workweeks of leave during the previous 12 month period." *Id.* ¶ 98. This inconsistency is puzzling, particularly as the previous twelve-month period mentioned in his later allegation would have included the twelve weeks of FMLA leave Bunch was allegedly afforded in October 2013. Additionally, Bunch admits that he received non-FMLA leave in November 2013 because he had exhausted his FMLA leave at that point. *Id.* ¶¶ 19–20. He also alleges that he asked to use available sick time—not FMLA leave—when he met with Mercado in January 2014. *Id.* ¶ 23. In response to the motion to dismiss, Bunch does not address the admissions in the complaint, instead suggesting that there are a number of ways that the twelve-month period could have been calculated (such as beginning the twelve-month period in November 2013) so as to avoid having exhausted his leave at the time of his termination in January 2014. But he did not plead this in his complaint, instead alleging that he had not used his twelve weeks in the prior year, and he cannot amend his complaint by way of his response. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) ("[A] plaintiff may not amend his complaint in his response brief."). Because, as pleaded, Bunch's specific allegations are inconsistent with an FMLA interference claim, as they suggest that Bunch received all the FMLA leave to which he was entitled, the Court dismisses his FMLA claim. *See Chicago Police Sergeants Ass'n v. City of Chicago*, No. 08-cv-4214, 2011 WL 2637203, at *7 (N.D. Ill. July 6, 2011) (a plaintiff may not plead "conclusory facts that are inconsistent with detailed factual allegations in the body of a complaint or inconsistent with facts shown by supporting exhibits attached to a complaint"). But the dismissal is without prejudice, providing Bunch with the opportunity to replead this claim if he is able to more clearly set forth the alleged FMLA violation.

## V. Title VII Retaliation Claim (Count VI)

As with Bunch's race and age discrimination claims, Curran argues that Bunch's retaliation claim is not supported by any factual allegations, relying on the evidentiary standards required to prove, though not allege, a retaliation claim. *See* Doc. 17 at 12 (citing *Majors v. General Electric Co.*, 714 F.3d 527, 537 (7th Cir. 2013), a case decided at the summary judgment stage, to set forth the direct and indirect methods of proving retaliation). But all that Bunch need allege at this stage is that he "engaged in statutorily protected activity and was subjected to an adverse employment action as a result." *Carlson*, 758 F.3d at 828 (quoting *Luevano*, 722 F.3d at 1029). Bunch has alleged that he participated in an EEOC investigation in January 2013 and was thereafter subjected to several adverse actions, including denial of FMLA leave, interference with his assigned duties, discipline without truthful cause, and termination.[7] Curran argues that the passage of time between the EEOC investigation in January 2013 and Bunch's termination in January 2014 dooms Bunch's retaliation claim. But the Seventh Circuit has cautioned against drawing any "bright-line timing rule . . . to decide whether a retaliation claim is plausible or whether it should go to a jury," *id.*, allowing a plaintiff to rely on "other circumstantial evidence to support [his] claim" when the causal inference to be drawn from the timing is weak, *Malin v. Hospira, Inc.*, 762 F.3d 552, 560 (7th Cir. 2014). Although Bunch's retaliation theory, as alleged, is not particularly compelling, it is not so implausible as to warrant dismissal. *See Stark v. Foxx*, No. 14-cv-148-jdp, 2015 WL 1321587, at *4–5 (W.D. Wis. Mar. 24, 2015) (allowing complaint to proceed despite four-year time interval between protected activity and adverse employment action, noting that defendant's arguments went to the "strength" of the plaintiff's case); *cf. Carmody v. Bd. of Trs. of the Univ. of Ill.*, 747 F.3d 470,

---

[7] Curran argues that some of these alleged adverse actions are not actionable. But because Curran acknowledges that Bunch's termination constitutes an adverse employment action, the Court is satisfied that the retaliation claim may proceed as to this element of the claim.

480 (7th Cir. 2014) (affirming dismissal of retaliation claim where alleged retaliatory act occurred three years after protected activity and there was no explanation for the delay). Thus, Bunch's retaliation claim may proceed to discovery.

## VI.     IHRA and Indemnification Claims (Counts I and X)

Defendants move to dismiss Bunch's IHRA claim on the same bases as his race and age discrimination claims, contending that Bunch has failed to establish a *prima facie* case of discrimination. But because the Court has already rejected those arguments, the Court need not address them again here. Without any additional basis claimed for dismissal, the IHRA claim survives. Finally, because the Court is not dismissing all of Bunch's substantive claims, the indemnification claim against Lake County remains viable and is not dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [16] is granted in part and denied in part. Bunch's FMLA claim (Count IX) is dismissed without prejudice.

Dated: March 14, 2016

 SARA L. ELLIS
 United States District Judge